IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HEDGE FUND SOLUTIONS, LLC,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 12-5481 |
| v. | : | |
| | : | |
| **NEW FRONTIER MEDIA, INC.,** | : | |
| Defendant. | : | |
| | : | |
| | : | |

**Goldberg, J.**                                                                                      **February 28, 2014**

**MEMORANDUM OPINION**

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Resolution of this case involves the interpretation of a forum-selection clause. Plaintiff Hedge Fund Solutions, LLC ("HFS") initiated this breach of contract action against Defendant New Frontier Media, Inc. ("NOOF"), asserting that NOOF failed to pay a "Success Fee" for consulting services as provided in the parties' March 12, 2012 Agreement ("Agreement").[1] HFS is incorporated in and operates primarily out of Pennsylvania. NOOF is incorporated in and operates primarily out of Colorado. (Compl. ¶¶ 1-2.) Jurisdiction is based on diversity.

On November 14, 2012, NOOF filed the Motion to Dismiss currently at issue. The forum-selection clause and the preceding choice of law provision at issue state that: "The Agreement shall be subject to the laws of the State of Colorado, and the parties agree to submit

---

[1] According to the complaint, HFS consults with companies on issues of shareholder activism and hostile takeovers. NOOF is a publicly-traded "provider of transaction television services and a distributor of general motion picture entertainment." The complaint states that HFS provided NOOF with "advisory services" during an attempted hostile takeover which resulted in litigation in the District of Colorado. Eventually, NOOF settled with its potential acquirer via a written settlement agreement. HFS now claims NOOF agreed to pay a $75,000 "success fee" if the litigation ended through a written settlement. (Compl. ¶¶ 5-16.)

1

to the jurisdiction of the courts of the State of Colorado for all disputes arising out of this Agreement." (Compl., Ex. B at ¶ 8.)

In its motion, NOOF contends that the action must be dismissed because the forum-selection clause requires HFS to bring any suit in a Colorado state court. HFS counters that the provision merely acknowledges an acceptable forum, but does not preclude bringing suit in another, otherwise proper,[2] forum. As such, HFS urges that this Court should not dismiss the suit. In June 2013, at the Court's request, the parties submitted supplemental briefing on, inter alia, the applicable law governing the interpretation of forum-selection clauses. The matter is now fully briefed and ripe for disposition.

## II. STANDARD OF REVIEW

The enforcement of forum-selection clauses is essentially a procedural undertaking, and is therefore governed by federal law. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31-32 (1988); Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995). The United States Supreme Court has explained that "the appropriate way [for a district court] to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non

---

[2] We note that it is unclear from the face of the complaint that venue is appropriate here because HFS's stated justification for venue is improper. See Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex., 134 S. Ct. 568, 577 (2013) ("When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper and the case must be dismissed or transferred"). Section 1391(b) identifies proper venue as: 1) the judicial district in which the defendant resides; 2) the judicial district in which a substantial part of the events giving rise to the claim took place; and 3) if neither of the above can be satisfied, any judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b). Here, HFS's complaint states that venue is proper because the Eastern District of Pennsylvania is where the "plaintiff's principal place of business is located." (Compl. ¶ 4). This is not an acceptable basis for venue under § 1391(b). Nevertheless, "[w]here a defendant fails to timely object to venue, 'it is inappropriate for the trial court to dispose of the case *sua sponte*'" Great W. Mining & Mineral Co. v. ADR Options, Inc., 434 Fed. Appx. 83, 88 n.2 (3d Cir. 2011) (quoting Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976)).

conveniens." Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex., 134 S. Ct. 568, 580 (2013). However, forum non conveniens only permits litigation outside of a contractually selected forum in "the most exceptional cases."[3] Atl. Marine, 134 S. Ct. at 581 (quoting Stewart, 487 U.S. at 33 (Kennedy, J., concurring)). This comports with federal law's belief that "[f]orum-selections clauses are entitled to great weight, and are presumptively valid." Wall Street Aubrey Golf, LLC v. Aubrey, 189 Fed. Appx. 82, 85 (3d Cir. 2006).

In Atlantic Marine, the Supreme Court neatly summarized why these clauses are given such deference in the federal system:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, the "interest of justice" is served by holding parties to their bargains.

Atlantic Marine, 134 S. Ct. at 583. With this precedent in mind, we will defer to the terms of the forum-selection clause as required by federal procedural law. We now turn to our analysis of the clause in question.

---

[3] Typically, the forum non conveniens analysis requires the court to engage in a detailed balancing of the parties' interests in the plaintiff's chosen forum. These interests include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). However, when the parties are governed by a forum-selection clause, this analysis completely changes. In those instances, "the plaintiff's choice of forum merits no weight," and courts "should not consider arguments about the parties' private interests." Atlantic Marine, 134 S. Ct. at 581-82. Instead, a court will deem all of "the private-interest factors to weigh entirely in favor of the preselected forum." Id. at 582.

### III.     ANALYSIS

The source of the parties' disagreement is whether the forum-selection clause in the Agreement is "mandatory" or "permissive." A mandatory forum-selection clause is one in which the parties have bargained for all litigation to take place in one jurisdiction. Cent. Contracting Co. v. Md. Cas. Co., 367 F.2d 341, 345 (3d Cir. 1966). It "should be respected as the responsible expression of the intention of the parties so long as there is no proof that its provision will put one of the parties to an unreasonable disadvantage and thereby subvert the interests of justice." Id. Forum selection clauses should be interpreted according to their plain language, and courts should be careful not to "torture the language . . . to create ambiguities." Aubrey, 189 Fed. Appx. at 85 (internal citations omitted). If the clause before us is mandatory, then the parties bargained for litigation to take place in Colorado's state courts and we will dismiss the case.

Conversely, a permissive forum-selection clause acknowledges that a particular venue is acceptable, but not to the exclusion of all other venues. Salovaara v. Jackson Nat. Life Ins. Co., 246 F.3d 289, 297-98 (3d Cir. 2001). A permissive forum-selection clause will not prompt a district court to dismiss a case from an otherwise proper venue. Id.; see also Jumara, 55 F.3d at 881 (refusing to dismiss a case from federal court where the parties contemplated that litigation occur in a specific county but "did not limit the fora to state court"). If the clause here is permissive, then the parties have only agreed that a lawsuit could proceed in the state courts of Colorado, not that it must. Accordingly, we will not dismiss this case for want of a proper venue if the clause is permissive.

When, as here, the parties do not agree on the forum-selection clause's meaning, principles of state law contract interpretation control. See Evans v. Linden Research, Inc. 763 F.

4

Supp.2d 735, 739 (E.D. Pa. 2011) ("although federal law is applied to determine whether or not to give effect to a forum-selection clause, state law may apply when evaluating whether or not the terms of the contract are unenforceable or unconscionable").[4]  Specifically, Colorado's state court decisions governing contract interpretation control our analysis.[5]

In Colorado, "[w]hen parties designate a mutually agreeable place in a forum-selection clause, the language generally is interpreted as mandatory."  Vanderbeek v. Vernon Corp., 25 P.3d 1242, 1247 (Colo. App. 2000).  There are no specific words that must be included in a clause for it to be mandatory.  Id. at 1248 (specifically noting that a clause can be mandatory even when it omits words like "shall, exclusive, or only").  However, Vanderbeek noted that clauses that identify an appropriate jurisdiction for "any," "every," or "all" lawsuits arising from the contract, tend to be interpreted as mandatory. Id. ("the requirement that 'any' dispute or action be filed in one of the [named] jurisdictions expressly excludes the filing of suit elsewhere"). By contrast, a permissive clause is one in which a party "has agreed to subject itself to a particular jurisdiction, without more."  Id.  Permissive clauses "authorize suit in the designated forum, but do not prohibit litigation elsewhere." Id. at 1248.  A clause is also more

---

[4] This accords with well-settled choice-of-law principles. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938) (applying state substantive law in diversity actions); Steigerwalt v. Terminix Intern. Co., LP,  246 Fed. Appx. 798, 802 n.2 (3d Cir. 2007) ("contract law is a creature of state law").

[5] Pennsylvania and Colorado law governing contract interpretation could each be potentially relevant to interpreting this contract. However, the clause at issue unequivocally states that "[t]he Agreement shall be subject to the laws of Colorado."  Both Pennsylvania and Colorado courts of appeals have adopted § 187 of the Restatement (Second) of Conflict of Laws, which instructs courts to apply the law chosen by the parties unless it is contrary to some fundamental policy in the state whose law would otherwise apply.  Pa, Dept. of Banking v. NCAS of Del,, LLC, 948 A.2d 752, 757-58 (Pa. 2008); Cagle v. Mathers Family Trust, 295 P.3d 460, 470 (Colo. 2013). No such fundamental policy has been alleged by either party. Therefore, we will honor the parties' intent and apply Colorado law.

likely to be interpreted as permissive when it forces one party to submit to the "home" jurisdiction of the other party. Id. at 1247.

Unfortunately, these broad concepts do not always translate into a straightforward test for the seemingly endless variations of forum-selection clauses. Indeed, we recognize that the clause in this case could be viewed as similar to clauses that other jurisdictions have interpreted as permissive. It does not contain the strong, explicit terms of exclusivity common to many mandatory clauses. Compare Vanderbeek, 25 P.3d at 1247 (concluding a forum-selection clause is mandatory where it says "[t]he Partners hereby waive, to the fullest extent possible, the defense of an inconvenient forum to the maintenance of such action or proceeding in the courts of any jurisdiction specified above" (emphasis added)) and Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc., 428 F.3d 921, 924 (10th Cir. 2005) (same, where the parties agreed to "submit to the jurisdiction of the Courts of the State of Colorado and agree that the Courts of the State of Colorado shall be the exclusive forum for the resolution of any disputes related to or arising out of this Term Agreement) with Utah Pizza Service v. Heigel, 784 F. Supp. 835, 837 (D. Utah 1992) (finding a clause was merely permissive where a franchisee "stipulate[d] that the courts of the State of Michigan shall have personal jurisdiction over its person, that it shall submit to such personal jurisdiction, and that venue is proper in Michigan"). It also does not identify a specific venue—that is, a specific district in the federal system or county in the state system—where litigation should be held, which is another hallmark of mandatory clauses. See Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342 (10th Cir. 1992) (finding that a clause was mandatory that stated the parties "shall be governed by the laws of the State of Kansas and the parties further agree that venue shall be proper under this agreement in Johnson County,

6

Kansas"). The clause before us neither identifies a venue nor contains a specific grant of exclusivity. Clauses without these specifications are generally interpreted as permissive.

However, the clause in question also fits comfortably into Vanderbeek's broad conception of mandatory clauses. First, it is undisputed that the parties have designated the State of Colorado as a mutually acceptable place for litigation.[6] See Vanderbeek, 25 P.3d at 1247 (finding that where parties designate a mutually agreeable place, the clause is mandatory). There is also a measure of exclusivity in the clause's "all disputes" language. Id. at 1248 (holding that a clause identifying a jurisdiction to host "all" disputes arising from a contract suggests the clause is mandatory). The clause is also phrased in terms of an "agreement," not a unilateral mechanism forcing a party into one jurisdiction. See Utah Pizza, 784 F. Supp. at 837 (finding that a clause was permissive where one party stipulated to jurisdiction in the other's home state). These are all elements that Vanderbeek classifies as mandatory.

Frankly, the combination of permissive and mandatory elements in this clause makes it difficult to categorize. However, we must give Vanderbeek's definition controlling weight. Under Vanderbeek's recitation of Colorado law, a clause is mandatory when it reflects "an agreement to designate certain mutually agreeable and convenient locations for suit" coupled with an intention "that any and all disputes arising out of the . . . agreement would be subject to the jurisdiction of those mutually agreed upon by the parties." Vanderbeek, 25 P.3d at 1247. The clause in this case identifies the State of Colorado as a forum for litigation that is agreeable to both parties ("the parties agree to submit to the jurisdiction of the courts of the State of Colorado"). In addition, the parties specified that the State of Colorado is appropriate "for all

---

[6] In fact, at oral argument Plaintiff's counsel admitted that HFS agreed, in theory, that the State of Colorado would be an acceptable jurisdiction for his client. After the court recited the language of the clause, Plaintiff's counsel stated, "[A]nd this is agreeing to submit to that jurisdiction for the disputes." (Oral Arg. Tr. at 15).

disputes arising out of this Agreement." Thus, we conclude that the clause satisfies Vanderbeek's definition of mandatory forum-selection clauses.

## IV. CONCLUSION

Under federal procedural law, forum-selection clauses are entitled to great weight. Here, the parties agreed to litigate all disputes arising from the contract in the State of Colorado. There is nothing in the record to suggest that this case falls into one of the exceptional circumstances that justifies our retaining the case. Therefore, the motion to dismiss is granted.

Our Order follows.